**Luigi UCAJ, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–2878–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

Theodore N. Cox, New York, New York, for Petitioner.

Robert Clark Orrente, United States Attorney, Andrew J. Reich, Assistant United States Attorney, the District of Rhode Island, Providence, Rhode Island, for Respondent.

Present: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Luigi Ucaj, a citizen of Albania, petitions for review of the May 17, 2004 BIA decision, affirming the Immigration Judge's ("IJ") opinion denying his application for asylum, withholding of removal and relief under Article 3 of the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA summarily affirms the IJ's decision, we review the IJ's decision rather than that of the BIA. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004);

In this case, the IJ's adverse credibility findings, relating principally to inconsistencies in Ucaj's testimony and the evidence that he had submitted in support of his application, were supported by substantial evidence. Specifically, those material inconsistencies related, *inter alia*, to Ucaj's participation in political demonstra-

tions and the punishments that he had received as a result of his and his father's participation in such demonstrations, and the danger his family in Albania was in at the time of the removal proceedings. The inconsistency in Chen's testimony and with the documents he submitted supported the IJ's adverse credibility determination because they involved "the heart of the asylum claim," *see Secaida–Rosales,* 331 F.3d at 308 (citing *Gao v. Ashcroft,* 299 F.3d 266, 272 (2d Cir.2002)), and were not "minor and isolated disparities." *Id.* (citing *Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000)).

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see Zhou Yun Zhang,* 386 F.3d at 71, an applicant who fails to establish eligibility for asylum necessarily fails to establish eligibility for withholding or CAT relief where, as here, the applicant's testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A). *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED. The pending motion for a stay of removal is DENIED as moot.